IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHEZ D. RICE, #220 474, | ) |
| Plaintiff, | ) ) ) |
| v. | )   CIVIL ACTION NO. 2:19-CV-198-ECM ) [WO] |
| GWENDOLYN BABERS, *et al.*, | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a prison inmate, filed this complaint on March 19, 2019. On March 21, 2019, the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief presented in the complaint. In compliance with the court's order, Defendants submitted an answer and written report which contained relevant evidentiary materials addressing the allegations in the complaint. Doc. 16. Upon review of this report, the court issued an order directing Plaintiff to file a response to Defendants' answer and written report. Doc. 17. The order advised Plaintiff that his failure to respond to the report would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. at 1. The order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*.

The time allotted Plaintiff for filing a response in compliance with the court's July 24, 2019, order, as extended by order entered August 20, 2019, expired on September 4, 2019. As of the present date, Plaintiff has failed to file a response in opposition to Defendants' report. The court, therefore, concludes that this case should be dismissed.

The court has reviewed the file to determine whether a drastic measure less than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x

116, 117–18 (11th Cir. 2007). After this review, it is clear dismissal of this case is the proper course of action. The imposition of monetary or other punitive sanctions against Plaintiff would be ineffectual as he is an indigent individual. Also, Plaintiff's inaction in the face of Defendants' report and evidentiary materials responding to the claims raised suggests a loss of interest in the continued prosecution of this case.  Finally, it appears any additional effort by this court to secure Plaintiff's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes Plaintiff's abandonment of this case and his failure to comply with the orders of the court warrant dismissal.  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed.Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply). The authority of courts to impose sanctions for failure to prosecute or to obey an order is longstanding and is acknowledged, but not limited, by Rule 41(b) of the *Federal Rules of Civil Procedure. Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962). This authority gives the courts power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.

It is further

ORDERED that upon review of Plaintiff's August 19, 2019, filing (Doc. 18), said filing is considered solely as a Motion for Extension of Time in accordance with the order of August 20, 2019 (Doc. 19), and the Clerk is DIRECTED to amend the court docket accordingly.

It is

ORDERED that **on or before November 27, 2019**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 13th day of November, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge